NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LATANZIA STEPHENS, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. 23-23338-CCC-AME |
| Plaintiff, | : : | OPINION and ORDER |
| v. | : : : | |
| SAGESURE INSURANCE MANAGERS LLC, | : : : : | |
| Defendant. | : : | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion filed by pro se plaintiff Latanzia Stephens ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 59]. Defendant Sage Sure Insurance Managers LLC ("Defendant") opposes the motion. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is denied.

**I.     BACKGROUND**

This action for employment discrimination and hostile work environment arises under the Equal Pay Act, 29 U.S.C. § 206; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* According to the operative Amended Complaint, Plaintiff is a Black woman who was employed by Defendant as an insurance adjuster from approximately February 2022 to March 2023. Am. Compl. ¶¶ 16, 86. She alleges Defendant had a policy and practice of gender discrimination in which it "pa[id]

1

its female adjusters less than their male colleagues, in the same positions, for the same work," *id.* ¶¶ 37-39, promoted male employees over similarly or more qualified female employees to higher-level adjuster and manager positions, and created a situation in which male employees earned greater compensation and received better bonuses than their female counterparts. *Id.* ¶¶ 24-29. Plaintiff alleges that, despite being an exemplary insurance adjuster, she was paid less than her male colleagues. *Id.* ¶ 51. The Amended Complaint further alleges Defendant discriminated against Black employees in various ways, including assigning them heavier workloads than White employees and manipulating the company's claims systems to permit White employees to keep current on their work and improve performance metrics while not extending similar opportunities for Black employees to complete their work successfully. *Id.* ¶ 86. Plaintiff alleges she was overworked, forced to endure untenable and stressful circumstances, and discouraged from raising concerns about the discriminatory treatment. *Id.* ¶ 87. Additionally, Plaintiff alleges that, after she returned to work in early 2023 following surgery she underwent, she suffered a nervous breakdown and, further, that instead of providing her medical leave or accommodations, Defendant terminated her employment. *Id.* ¶¶ 88, 91.

Plaintiff filed this action, through counsel, on December 26, 2023. *See* D.E. 1 New counsel substituted his appearance for Plaintiff on July 19, 2024, and filed an Amended Complaint. *See* D.E. 22, 25. Thereafter, the Court held an initial conference under Federal Rule of Civil Procedure and entered a Pretrial Scheduling Order. *See* D.E. 28. The parties commenced discovery, but little progress was made due to Plaintiff's failure to provide written discovery responses and her counsel's failure to appear at two case management conferences. *See* D.E. 34, 39. New counsel entered an appearance for Plaintiff on February 6, 2025. *See* D.E. 36. Nevertheless, as late as July 2025, Plaintiff had not yet served her initial disclosures or

responded to discovery requests that had been propounded by Defendant in September 2024, and accordingly the Court gave Defendant leave to file a motion for sanctions if Plaintiff's responses remained outstanding. *See* D.E. 43.

On October 10, 2025, Defendant moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 41(b), for lack of prosecution. *See* D.E. 46. Although Plaintiff opposed the motion, purportedly through counsel, her opposition papers and numerous unauthorized sur-replies were not signed by counsel. *See* D.E. 47, 52, 53, 54. It appeared from both the content and form of the filings that, although counsel's CM/ECF electronic filing credentials were used to submit the documents, Plaintiff was effectively proceeding pro se. On November 18, 2025, Plaintiff filed a "notice of termination of counsel" and requested appointment of counsel. *See* D.E. 59. On November 20, 2025, the Court held a telephonic conference, conducted on the record, to investigate Plaintiff's filing irregularities and the request for counsel of record Mary Warner to be relieved. During that conference, Plaintiff expressly acknowledged filing the motion opposition and sur-replies herself and confirmed she no longer wished to be represented by Ms. Warner. Plaintiff also asked that the Court deem her November 18 filing a motion for appointment of pro bono counsel.

On November 21, 2025, the Court entered an Order relieving Ms. Warner as counsel for Plaintiff, setting a briefing schedule for Plaintiff's motion for pro bono counsel, and administratively terminating Defendant's motion to dismiss. *See* D.E. 62.

## II. DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is

3

unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Plaintiff argues that appointment of pro bono counsel is warranted primarily due to her alleged disability. She asserts that she suffers from post-traumatic stress disorder, memory loss, and severe anxiety, and that these conditions significantly limit her ability to navigate federal procedures and effectively litigate this action. Plaintiff further argues she needs counsel to prosecute her claims because they involve complex issues of law and fact. She maintains investigating the facts underlying the claims and presenting supporting evidence to the Court will require legal expertise. Finally, Plaintiff asserts that, despite her diligent search, has been unable to secure adequate representation. Although Plaintiff previously retained three separate attorneys to represent her throughout this action, she emphasizes she was forced to terminate them due counsel's serial misconduct and mishandling of this matter.

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

      6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

    Here, the Court finds the threshold *Tabron* requirement is satisfied. The Amended Complaint sets forth numerous factual allegations asserting Plaintiff was subjected to unlawful race discrimination and a hostile work environment while employed by Defendant, underpaid in violation of the Equal Pay Act based on her gender, and terminated from her employment in retaliation for seeking accommodations for her disability. In opposition to this motion, Defendant argues Plaintiff should not be appointed pro bono counsel because her claims lack merit, pointing to her deposition testimony and other facts in the record Defendant maintains show Plaintiff's claims are baseless. However, the Court cannot determine on this limited record whether Plaintiff may ultimately proffer sufficient evidence to establish prima facie claims of employment discrimination. For purposes of this motion only, the Court is persuaded by Plaintiff's detailed allegations, as set forth in her Amended Complaint, that her claims may have some arguable merit in fact and law sufficient to meet the threshold requirement for appointment of counsel. Nevertheless, an analysis of the *Tabron* factors militates against Plaintiff's request for pro bono counsel. The Court will consider the six factors in turn.

    First, Plaintiff has demonstrated she is able to present her own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education,

literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. The docket of this action reflects that, without the assistance of counsel, Plaintiff has filed numerous briefs, letters, and other documents supporting her claims, addressing various discovery and procedural issues, and zealously advocating on her own behalf. Her filings to the Court demonstrate she is not only literate, but displays a firm command of legal terminology, the factual basis for his action, applicable statutory provisions, and the litigation process. She vigorously opposed Defendant's motion to dismiss for lack of prosecution, applying the Third Circuit analysis under *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863 (3d Cir. 1984), arguing the failure to meaningfully move this case forward is attributable to her previous counsel's failure to engage with her on litigation matters, and maintained that dismissal would be a harsh and unwarranted sanction. In other words, her arguments were well-developed in fact and law. Plaintiff's filings have also included supporting exhibits and detailed timelines of the events on which this action is based, demonstrating she understands her legal claims, can identify relevant facts, and is able to present them in a cogent and well-organized manner. Plaintiff also appeared at the telephonic conference held by the Court on November 20, 2025, and provided a clear explanation of the background of this action, described her experiences with prior counsel, and skillfully responded to the Court's questions. In short, the record reflects Plaintiff's ability to navigate the filing process, bring and oppose motions concerning procedural and substantive matters, and participate in Court proceedings. For these reasons, the first *Tabron* factor weighs heavily against Plaintiff's request for the appointment of counsel.

Second, this action does not involve overly complex legal or factual issues. The case revolves around straightforward allegations of discriminatory policies and practices Plaintiff observed and experienced during her employment with Defendant, her alleged inability to obtain

reasonable accommodations for her disability when she returned to work after undergoing a surgical procedure, and the retaliation to which she was subjected for raising concerns about these workplace issues and Defendant's alleged wrongdoing. Insofar as her claim for alleged gender-based wage discrimination in violation of the Equal Pay Act is nominally pled as a putative collective action under Section 216(b) of the governing Fair Labor Standards Act, this form of pleading alone does not convert the action into a complex matter requiring appointment of counsel. This action has been pending for over two years. Despite being represented by counsel during most of that time, Plaintiff has not litigated the Equal Pay Act claim on a collective basis, for example by seeking conditional certification to provide notice to potential opt ins. Likewise, in the filings she has made since proceeding pro se, Plaintiff seeks to litigate only on her own behalf, most notably by seeking to reach a negotiated resolution of her claims through mediation. *See* D.E. 70, 73. At bottom, this is an action for workplace discrimination brought by one Plaintiff against one Defendant based on a discrete set of facts that are largely, if not entirely, familiar to Plaintiff. Thus, the second *Tabron* factor also weighs against appointment of counsel.

      Third, this action is not likely to require extensive or complicated discovery. The claims arise out of Defendant's alleged discriminatory policies and practices concerning promotion of adjusters based on gender, payment of male insurance adjusters at higher rates than their female counterparts, affording White insurance adjusters preferential treatment over Black employees, and the alleged misconduct concerning Plaintiff's asserted disability. These alleged facts and the claims on which they are based are not only limited in substantive scope but also temporally, as Plaintiff alleges she was employed by Defendant for just over one year. Plaintiff will, of course, need to explore the factual basis for her claim through written interrogatories, document

demands, and depositions.[1] However, she has demonstrated her capability to access resources, prepare legal documents, apply the Federal Rules of Civil Procedure, and present information she believes support her claims. Plaintiff does not require an attorney to investigate the factual basis of her claims through the discovery process.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* ("IFP") status, based on a demonstration of indigency. *Montgomery*, 294 F.3d at 505. Here, Plaintiff does not proceed IFP, and there is nothing in the record to establish Plaintiff lacks the financial resources to retain an attorney. Moreover, even assuming Plaintiff is unable to afford counsel, this factor does not, by itself, warrant granting her request for pro bono counsel.

Fifth, the Court must consider whether the action depends on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Insofar as Plaintiff has alleged Defendant engaged in racially motivated discrimination in promotion decisions, assignment of work responsibilities, and treatment of employees generally, it appears her claims may depend, in part, on the anticipated and potentially competing testimony by the parties and any witnesses they may disclose. However, there is no indication the claims will turn "solely" on a swearing contest, and Plaintiff has not identified any insurmountable difficulty in exploring any credibility issues that may arise.

Sixth, the Court must consider whether the action may require expert testimony. Neither the nature of the allegations in the Amended Complaint nor Plaintiff's motion for appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

---

[1] The current fact discovery deadline has expired, but the Court may extend the period for fact discovery as a matter of its discretion.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Here, Plaintiff has demonstrated an ability to prepare and file documents without the assistance of counsel, as well as knowledge of the procedural and substantive matters involved in pursuing this action. The totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent Plaintiff in this action.

### III.   CONCLUSION AND ORDER

As set forth above, the Court concludes, in its discretion, that appointment of pro bono counsel is not warranted. Accordingly,

**IT IS** on this 9th day of January 2026,

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 59] is **DENIED**.

        /s/ *André M. Espinosa*
        ANDRÉ M. ESPINOSA
        United States Magistrate Judge